itself, than to examine the records in Surrogates' Courts of this State." " An examination of such records in this and neighboring counties, I have made." Thus the referee based his decision to some extent upon the examination of records in surrogates' offices which he made not at the request of any of the parties but upon his own volition. No opportunity was thus given for direct or cross-examination in reference to the information received from such investigation. Such proceeding is not approved. The parties had a right to examine and cross-examine in relation to the evidence which was to be used as a basis of decision. The referee may have acted from the best of motives but his action has raised a question which, without further investigation by this court, would seem to make it unwise to pass upon this appeal. Pursuant to the provisions of section 309 of the Surrogate's Court Act, and in the interests of justice, this matter is referred to Hon. Aaron V. S. Cochrane, as official referee, to examine and consider *de novo* the evidence contained in the record on appeal, to receive any further testimony or documentary evidence on the issues herein which the parties may desire to offer, to hear counsel who may desire to be heard on behalf of any of the parties concerned in this proceeding and to report his conclusions and recommendations to this court. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Defendant; STANLEY VAN ALLEN, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY SAVINGS BANK, Defendant; WILLIS VAN ALLEN, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY SAVINGS BANK, Defendant; JOHN MALARY, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY COUNTY SAVINGS BANK, Defendant; JOHN MALARY, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. CITY SAVINGS BANK OF ALBANY, Defendant; SUSAN KEENHOLTS, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs to the respondent Keenholts. Present— Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

NIEWENHOUS COMPANY, INC., Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 21911.) — Appeal from judgment of the Court of Claims, denying claimant damages for extra work and materials, and on account of delays, made necessary by soil conditions encountered in the laying of building foundations. This proceeding is brought pursuant to a special act of the Legislature whereby the State consented to have its liability determined, provided claimant's claim be founded in right and justice. By a contract entered into on May 9, 1927, claimant agreed to do the work and furnish the materials for twenty-five buildings for the Rockland State Hospital, in accordance with plans and specifications prepared by the State. The buildings were to be erected on wild land covered in the main with second growth timber. The contract provided that the contractor " shall be held to have visited the site prior to the submission of his proposal for the work, and to have made all necessary investigations and measurements, and to have appraised the conditions under which the work is to be executed." The claimant made no borings or tests to determine subsoil conditions. The specifications reserved to the State the right to inspect and approve the soil at the bottom of foundation